# In re Y-C-, Respondent

*Decided March 11, 2002*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

An unaccompanied minor who was in the custody of the Immigration and Naturalization Service pending removal proceedings during the 1-year period following his arrival in the United States established extraordinary circumstances that excused his failure to file an asylum application within 1 year after the date of his arrival.

Pro se

BEFORE: Board En Banc:　SCHMIDT, HOLMES, HURWITZ, VILLAGELIU, GUENDELSBERGER, ROSENBERG, GRANT, MOSCATO, MILLER, BRENNAN, ESPENOZA, OSUNA, and OHLSON, Board Members. Concurring Opinion: FILPPU, Board Member, joined by SCIALABBA, Acting Chairman; DUNNE, Vice Chairman; COLE, HESS, and PAULEY, Board Members.

GRANT, Board Member:

The respondent has appealed from the decision of an Immigration Judge dated May 15, 2000, denying his application for asylum under section 208 of the Immigration and Nationality Act, 8 U.S.C. § 1158 (2000).[1] The appeal will be sustained and the record will be remanded to the Immigration Judge for a decision on the merits of the respondent's application for asylum.

## I. FACTUAL AND PROCEDURAL HISTORY

The respondent is a 19-year-old native and citizen of the People's Republic of China. He was an unaccompanied minor when he entered the United States without inspection on July 3, 1998. On the day of his arrival the Immigration and Naturalization Service served him with a Notice to Appear (Form I-862), which was filed with the Immigration Court on July 30, 1998. On July 13, 1999, the Service released the respondent from custody and paroled him to the custody of his uncle.

The respondent attempted to file an asylum application with the Immigration Judge 5 months later, in December 1999, but it was rejected. The

---

[1] The respondent has raised additional issues on appeal. However, in light of our decision, we need not address them at this time.

respondent eventually filed his application with the Immigration Judge in May 2000. The Immigration Judge denied his application, finding that the respondent had not filed within a year of his arrival, as required by section 208(a)(2)(B) of the Act, and that he had not shown either changed circumstances or extraordinary circumstances that would excuse the delay in filing under section 208(a)(2)(D).

## II. ANALYSIS

With certain exceptions, an alien who is physically present in the United States, irrespective of status, may apply for asylum. *See* section 208(a)(1) of the Act. The alien must show by clear and convincing evidence that an application for relief was filed within 1 year after the date of his or her arrival in the United States. *See* section 208(a)(2)(B) of the Act. However, failure to meet the 1-year deadline does not give rise to an absolute bar to filing an asylum application. Notwithstanding this time limit, an asylum application may be considered if the alien demonstrates, to the satisfaction of the Attorney General, either the existence of changed circumstances that materially affect the applicant's eligibility for asylum, or extraordinary circumstances relating to the delay in filing an application within the 1-year period. *See* section 208(a)(2)(D) of the Act.

It is undisputed that the respondent filed his written asylum application with the Immigration Judge more than 1 year after his arrival in this country. The respondent makes no claim of changed circumstances. Instead, he argues that extraordinary circumstances prevented him from meeting the filing deadline.

In the context of this case, the term "extraordinary circumstances" is defined as follows:

> The term "extraordinary circumstances" in section 208(a)(2)(D) of the Act shall refer to events or factors directly related to the failure to meet the 1-year deadline. Such circumstances may excuse the failure to file within the 1-year period as long as the alien filed the application within a reasonable period given those circumstances. The burden of proof is on the applicant to establish to the satisfaction of the asylum officer, the immigration judge, or the Board of Immigration Appeals that the circumstances were not intentionally created by the alien through his or her own action or inaction, that those circumstances were directly related to the alien's failure to file the application within the 1-year period, and that the delay was reasonable under the circumstances. Those circumstances may include but are not limited to:
>    . . .
>    (ii) Legal disability (*e.g.*, the applicant was an unaccompanied minor or suffered from a mental impairment) during the 1-year period after arrival . . . .

8 C.F.R. § 208.4(a)(5) (2001).

In determining whether extraordinary circumstances exist to excuse an alien's failure to meet the deadline for filing an asylum application, we

conduct an individualized analysis of the facts of the particular case. We are not required to excuse the respondent's tardy filing merely because the regulation includes unaccompanied minor status as a possible extraordinary circumstance. Instead, the respondent must establish the existence or occurrence of the extraordinary circumstances, must show that those circumstances directly relate to his failure to file the application within the 1-year period, and must demonstrate that the delay in filing was reasonable under the circumstances.

The record indicates that the respondent was 15 years old when he arrived here as an unaccompanied minor and that he remained under this legal disability throughout the following 1-year period. *See* 8 C.F.R. § 208.4(a)(5)(ii). He was in Service custody until just over a year after his arrival, when he was released into his uncle's custody. Approximately 5 months later, the Immigration Judge refused to accept the respondent's proffered asylum application. The respondent eventually filed his application with the Immigration Judge in May 2000, less than a year after he was released from Service custody. At the time of that hearing, the respondent was still a minor.

Moreover, the Service placed the respondent in removal proceedings immediately after he arrived here. Once the respondent was in removal proceedings, the Immigration Judge had authority to set a deadline for filing the asylum application. *See* 8 C.F.R. § 3.31(c) (2001). The Immigration Judge also had authority to conduct the proceedings in such a manner as to avoid unwarranted delay.

On these facts, we find that the respondent has established extraordinary circumstances for the delay in filing his application for asylum. *See* section 208(a)(2)(D) of the Act. He did not, through his own action or inaction, intentionally create these circumstances, which were directly related to his failure to meet the filing deadline. *See* 8 C.F.R. § 208.4(a)(5). We find that the respondent filed his application within a reasonable period given these circumstances. *Id.* We therefore conclude that these extraordinary circumstances excuse his failure to file within a year of his arrival.

### III. CONCLUSION

The respondent was an unaccompanied minor when he arrived in the United States. He remained under this legal disability during the 1-year period after his arrival while removal proceedings were pending and he was in the custody of the Service. The respondent established extraordinary circumstances that excused his failure to file his asylum application within 1 year of the date of his arrival. Accordingly, the respondent's appeal will be sustained, and the record will be remanded to give him an opportunity to pursue his application for asylum on the merits.

**ORDER:**  The appeal is sustained.

**FURTHER ORDER:**  The record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.

*CONCURRING OPINION:* Lauri Steven Filppu, Board Member, in which Lori L. Scialabba, Acting Chairman; Mary Maguire Dunne, Vice Chairman; Patricia A. Cole, Frederick D. Hess, and Roger A. Pauley, Board Members, joined

I respectfully concur.  I agree with the majority that removal proceedings should be reopened because the respondent meets the "extraordinary circumstances" test for not having filed his asylum application within a year of his arrival.  I do not agree, however, with that portion of the majority's opinion which indicates that an alien's discretion as to when to file is constrained by the authority of an Immigration Judge to set deadlines. Nothing in that authority prevents an alien from filing before any deadline set by an Immigration Judge.  I am also not aware of any preclusion on filing an asylum application in removal proceedings even in the absence of a deadline set by an Immigration Judge.

In this case, I find that the "extraordinary circumstances" test of section 208(a)(2)(D) of the Immigration and Nationality Act, 8 U.S.C. § 1158(a)(2)(D) (2000), has been satisfied by the respondent's youth and the totality of the circumstances.  The record indicates that the respondent was 15 years of age when he arrived in July of 1998.  He was promptly detained and placed in removal proceedings.  The Immigration Court in Chicago, Illinois, scheduled various dates for master calendar hearings from August of 1998 through February of 1999.  The record, however, does not reflect that the respondent ever attended a hearing in Chicago.

The respondent bonded out of custody in July of 1999, a year after his arrival.  Venue was changed to New York and his first master calendar hearing occurred on September 17, 1999, at which time he said he would apply for asylum.  The written asylum application was submitted on December 21, 1999, only days after the respondent turned 17.  It was approximately 5½ months late.

The regulations recognize that an "extraordinary circumstance" may arise by virtue of a person's status as an unaccompanied minor.  8 C.F.R. § 208.4(a)(5)(ii) (2001).  In this case, the respondent was additionally confined by the Immigration and Naturalization Service during the entire 1-year period for filing an asylum application. It further appears that he was not brought before an Immigration Judge during that 1-year period.  The

record is silent on the circumstances of his confinement and the reasons for the Service's failure to produce him for any of the hearing dates scheduled in Chicago.

I find that an "extraordinary circumstance" arises from the combination of the respondent's youth, his detention, and the unexplained failure of the Service to produce him for a hearing during the 1-year period for filing an asylum application. Further, I find that his submission within 6 months of release, while still a minor, was reasonable under all the circumstances.