**Maria Isabel HOYOS, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General Alberto R. Gonzales, Respondents.**

No. 06–2438–ag.

United States Court of Appeals, Second Circuit.

Jan. 9, 2007.

Bruno Joseph Bembi, Hempstead, New York, for Petitioner.

Maxwell Wood, United States .Attorney for the Middle District of Georgia, Dean S. Daskal, Assistant United States Attorney, Columbus, Georgia, for Respondent.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. SONIA SOTOMAYOR, Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Maria Isabel Hoyos, a citizen of Colombia, seeks review of a May 3, 2006 order of the BIA adopting and affirming immigration judge ("IJ") Barbara Nelson's January 6, 2005 decision denying Hoyos' applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Maria Isabel Hoyos,* No. A98 361 208 (B.I.A. May 3, 2006), *aff'g* A98 361 208 (Immig. Ct. N.Y. City Jan. 6, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). This Court reviews *de novo* the IJ's findings concerning the legal sufficiency of the evidence, as they present questions regarding the application of law to fact. *Yves Gautier Edimo–Doualla v. Gonzales,* 464 F.3d 276, 281 (2d Cir.2006). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou*

*Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

■ As a preliminary matter, this Court lacks jurisdiction to review the agency's finding that Hoyos did not prove exceptional or changed circumstances that would excuse the five-year delay in filing her asylum application. Petitioner's arguments attacking this finding are unavailing. Title 8, Section 1158(a)(3) of the United States Code provides that no court shall have jurisdiction to review the agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B), or its finding of neither changed nor extraordinary circumstances excusing the untimeliness under 8 U.S.C. § 1158(a)(2)(D). Notwithstanding that provision, however, this Court retains jurisdiction to review constitutional claims and "questions of law." 8 U.S.C. § 1252(a)(2)(D). "Questions of law" include matters of statutory and regulatory construction, *see Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 153–54 (2d Cir.2006). Hoyos argues that the IJ violated her right to due process by failing to conduct an individualized analysis of her particular psychological situation, as is mandated by *Matter of Y–C–,* 23 I. & N. Dec. 286 (BIA 2002), in determining whether she had established changed or exceptional circumstances. By explicitly discussing all of Hoyos' evidence indicating that she suffered depression and psychological trauma, however, the IJ conducted a specific analysis of the particular facts of Hoyos' case and thus complied with the standard set forth in *Matter of Y–C–,* affording Hoyos due process of law.

■ Hoyos also argues that the IJ violated her right to due process by declining to take testimony from her expert witness. In order to make a showing of a violation of due process, the applicant must show that he or she was denied a full and fair

opportunity to present his or her claims or otherwise deprived of fundamental fairness. There is no evidence in the record that the IJ prevented Hoyos from presenting her expert witness. Additionally, Hoyos did not present, either to this Court or the BIA, any evidence indicating what information her expert would have testified to that was relevant to the one-year issue but not included in her affidavit. She has thus failed to show that she was deprived of a full and fair hearing.

■ Applications for withholding of removal and CAT relief are not subject to filing deadlines, and this Court has jurisdiction to review Hoyos' claims for such relief. The IJ determined that Hoyos' testimony was not sufficient to establish that she would likely be persecuted or tortured if she were returned to Colombia. Because there is no competent evidence indicating that Hoyos and her children were ever targeted for harm, or that family members of informants would be singled out for mistreatment in Colombia, the IJ was reasonable in determining that the information Hoyos obtained indirectly from a remote acquaintance was insufficient to establish a clear probability of persecution or torture. Her denial of withholding of removal and CAT relief is thus supported by substantial evidence.

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part.