

Villanova University School of Law
Villanova University School of Law Digital Repository

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-8-2007

# Khan v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5068

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Khan v. Atty Gen USA" (2007). *2007 Decisions.* Paper 1506.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1506

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

————

No. 05-5068

————


SHER KHAN,
                    Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                    Respondent


————

On Petition for Review of an Order
of the Board of Immigration Appeals
(No. A79-733-619)
Immigration Judge:  Hon. Rosalind K. Malloy

————

Submitted Under Third Circuit LAR 34.1(a)
March 5, 2007

Before: SLOVITER and AMBRO, Circuit Judges, and BRODY,[*] District Judge

Filed: March 8, 2007

————

OPINION

————


————

[*] Hon. Anita B. Brody, United States District Court for the
Eastern District of Pennsylvania sitting by designation.

SLOVITER, <u>Circuit Judge</u>

Sher Khan petitions for review of the order of the Board of Immigration Appeals ("BIA") adopting and affirming the Immigration Judge's ("IJ") decision denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We will deny the petition.

I.

Khan, a native and citizen of Pakistan, entered the United States on April 23, 2000, with a C-1 visa, but filed for permanent residency in Canada because his friends told him it was easier to become a permanent resident in Canada than in this country. Khan maintains that he did not know that he could file for asylum in the United States while his application for permanent residency in Canada was pending. His application for permanent residency in Canada was rejected on March 11, 2002.

The Immigration and Naturalization Service ("INS") initiated removal proceedings against Khan by filing a Notice to Appear against Khan on February 13, 2003. Khan conceded the charge of removability and filed applications for asylum, withholding of removal, and protection under the CAT on May 20, 2003, concededly more than a year after his entry in this country.

Khan had a hearing before the IJ at which he testified that he fears that if he returns to Pakistan, he will be persecuted by the Pakistani government due to his membership and leadership in the Pakistan People's Party ("PPP"), a political party that opposes military government. He further testified that he had been arrested on December

2

25, 1996, for "causing problems" and "making people uncomfortable," and that he was detained for three days, beaten with a piece of wood, and warned that unless he stopped working for the party, he would be arrested again. A.R. at 253-54. He was arrested a second time on February 5, 1998 after he was involved in a protest against the government. When the police arrived they started beating people and shooting into the air, and he was wounded when a gunshot hit his left hand. The police took him for treatment to the hospital, from which he "escaped" later that night. Id. at 254.

After the hearing the IJ issued an oral decision denying asylum, withholding of removal, and CAT relief. The IJ determined that Khan had filed his application beyond the one-year filing deadline and that neither of the exceptions applied because he had not shown any "extraordinary circumstances" warranting a waiver nor had he established changed country conditions. A.R. at 341. The IJ further found that Khan's testimony that the Pakistani government was likely to find, arrest, and persecute him upon his return to Pakistan was implausible given that the Pakistani government had granted Khan both a passport and a continuous discharge certificate for his job. The IJ concluded that based on the Pakistani government's apparent willingness to allow Khan to travel in and out of the country regularly, Khan's suggestion that he was wanted by the Pakistani government was incredible, and therefore she denied Khan's application for withholding of removal or protection under the CAT. The BIA adopted and affirmed the IJ's decision.

## II.

This court has jurisdiction pursuant to 8 U.S.C. § 1252(a)(1). Where the BIA

3

affirms and adopts the IJ's decision, as in this case, we review the IJ's decision as if it were the decision of the BIA itself. Xie v. Ashcroft, 359 F.3d 239, 242 (3d Cir. 2004); Dia v. Ashcroft, 353 F.3d 228, 245 (3d Cir. 2003). Whether an applicant qualifies for asylum, withholding of removal, or relief under the CAT is a determination, which this court will review under the substantial evidence standard. Shardar v. Ashcroft, 382 F.3d 318, 323 (3d Cir. 2004). Under this standard, the IJ's finding must be upheld unless "the evidence not only supports a contrary conclusion, but compels it." Abdille v. Ashcroft, 242 F.3d 477, 484 (3d Cir. 2001); see also INS v. Elias-Zacarias, 502 U.S. 478, 481 n.1 (1992).

### III.

Because the parties are familiar with the applicable law, we will not restate it here and turn instead to the decision in this case. Khan contends that the IJ erred in denying his applications for asylum and withholding of removal on their merits.

First, Khan argues that he has shown the existence of past persecution because of his imputed political opinion, based on his membership in the PPP, and that there is no evidence of changed country conditions such that he would not be subject to such persecution in the future. Noting that Khan had not presented evidence of his alleged hospitalizations and that his account of his "escape" from the hospital was vague, the IJ found that Khan had not established past persecution. Given that Khan was granted a passport and continuous discharge certificate and permitted to leave and enter Pakistan freely for several years, the IJ concluded that the Pakistani government was not interested

4

in capturing, detaining, or persecuting Khan. Moreover, according to the Department of State report on human rights practices, the PPP has been a full participant in Pakistan's politics and government since the 1997 Pakistan national elections, and there has been no evidence of political reprisals against current members or leaders of the PPP.

The IJ's conclusions with regard to past and future persecution were reasonable, and the evidence does not compel a conclusion to the contrary. Therefore, even assuming arguendo Khan can establish "extraordinary circumstances" justifying his delay in filing for asylum, Khan has not met his burden of showing eligibility for asylum under the test enunciated in Berishaj v. Ashcroft, 378 F.3d 314, 323 (3d Cir. 2004), which requires a showing of past incident(s) that constitute persecution.

Khan argues that his reliance on misinformation given to him by friends as to whether he could apply for asylum or permanent residency in the United States at the same time that his application for permanent residency was pending in Canada constitutes "extraordinary circumstances" because he is a lay person who is unfamiliar with United States immigration laws. Under In re Y-C-, 23 I. & N. Dec. 286, 287-88 (BIA 2002) and 8 C.F.R. § 208.4(a)(5), the burden is on the petitioner to show that "the circumstances were not intentionally created by the alien through his or her own action or inaction, that those circumstances were directly related to the alien's failure to file the application within the 1-year period, and that the delay was reasonable under the circumstances." Even though the IJ held that Khan was statutorily ineligible for asylum because he had not filed within the one-year period, she evaluated his qualifications for asylum in the

5

withholding of removal context and stated that he failed to establish eligibility for asylum even on discretionary grounds. Therefore, it is unnecessary to consider Khan's "extraordinary circumstances" argument. Because Khan has not met his burden of showing eligibility for asylum, he necessarily does not qualify for withholding of removal.

Finally, Khan argues that the IJ erred in denying his application for withholding under the CAT because he established that it was more likely than not that he would be tortured if removed to Pakistan, due to his imputed political opinion. The IJ found that Khan had "failed to demonstrate that anyone would be interested in torturing him for any reason should he return to Pakistan" and that he therefore had not established eligibility for relief under the CAT. A.R. at 348. The Pakistan government granted Khan a passport and permitted him to leave and enter the country freely for his job. Despite his participation in the 1998 demonstration, Khan testified that the police took him to a hospital for treatment following his injury and did not testify that there was any effort to torture him. This, along with the State Department's report on human rights practices in Pakistan, supports the IJ's reasonable conclusion that the Pakistani officials are not interested in capturing and/or torturing Khan.

## IV.

Because the evidence does not compel a conclusion to the contrary, we will deny

6

the petition for review.[1]

---

[1] The BIA's order stated, inter alia,

> [T]he alien is permitted to voluntarily depart from the United States, without expense to the Government, within 60 days from the date of this order or any extension beyond that time as may be granted by the Department of Homeland Security (DHS). *See* section 240B(b) of the Immigration and Nationality Act; 8 C.F.R. §§ 1240.26(c), (f). In the event the alien fails to so depart, the alien shall be removed as provided in the Immigration Judge's order.

A.R. at 3. We leave it to the Agency to determine whether voluntary departure is still available.