FILED
United States Court of Appeals
Tenth Circuit

December 17, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JAIME JUAREZ JIMENEZ,

        Petitioner,

v.

ERIC H. HOLDER, JR.,
United States Attorney General,

        Respondent.

No. 10-9521
(Petition for Review)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **EBEL**, and **O'BRIEN**, Circuit Judges.

Jaime Juarez Jimenez, a citizen of Mexico, petitions for our review of an

order of the Board of Immigration Appeals ("BIA") dismissing his appeal from

the denial of an application for asylum, restriction on removal, and relief under

the Convention Against Torture ("CAT"). We dismiss the petition in part for lack

of jurisdiction and deny the remainder.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

**I**

The BIA upheld an Immigration Judge's ("IJ") determination in an order issued by a single Board member. See 8 C.F.R. § 1003.1(e)(5). Accordingly, "this court reviews both the decision of the BIA and any parts of the IJ's decision relied on by the BIA in reaching its conclusion." Dallakoti v. Holder, 619 F.3d 1264, 1267 (10th Cir. 2010). We do not consider any alternative rationales for decision articulated by the IJ that were not taken up by the BIA. Id. at 1267 n.1. "We review the BIA's legal determinations de novo and its factual findings for substantial evidence." Id. at 1267. Under the latter standard, "factual findings are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." Id. (quotation omitted).

**II**

To be considered for asylum, an alien must show "by clear and convincing evidence that the [asylum] application has been filed within 1 year after the date of the alien's arrival in the United States." 8 U.S.C. § 1158(a)(2)(B). But an untimely application "may be considered . . . if the alien demonstrates to the satisfaction of the Attorney General either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing." § 1158(a)(2)(D). Judicial review of both the timeliness determination and the decision whether to excuse an untimely application is significantly limited by § 1158(a)(3) and § 1252(a)(2)(D). Under

the former, "the agency's discretionary and factual determinations remain outside the scope of judicial review," but the latter preserves our "jurisdiction to review constitutional claims and questions of law." Ferry v. Gonzales, 457 F.3d 1117, 1130 (10th Cir. 2006) (quotation omitted).

Juarez Jimenez last entered the United States on February 25, 2002, and filed his application for asylum on March 6, 2007. He cited several circumstances as contributing to his five-year delay in seeking asylum, including his ignorance of applicable law and procedures, his lawyer's failure to ask him about persecution in Mexico, and various delays in the immigration proceedings relating to his removal—all of which the BIA discounted as inadequate to justify his delay in seeking asylum. We agree with the government that the weight accorded to such matters falls within the agency's discretion and is thus outside the scope of our review.

Juarez Jimenez also argued that his delay should have been excused because of his cooperation with authorities in the prosecution of a prior employer for immigration violations, for which he was paroled into the United States and given a work permit that expired in March 2005. In his immigration proceedings, he argued that the deadline for seeking asylum should essentially be tolled during this period. But the BIA held that the parole period did not continue long enough to bring his five-year delay under the one-year limit in any event. Such determinations as to timeliness fall squarely within the jurisdictional bar.

Arguing that the bar does not apply, Juarez Jimenez claims that the BIA committed legal error in failing to "conduct an individualized analysis of the facts of [his] particular case," as required by In re Y-C-, 23 I & N Dec. 286, 287-88 (BIA 2002), because he alleges the BIA did not explicitly weigh his assistance to the government in the prosecution of his employer. But the BIA did in fact consider these circumstances, it simply did not afford the weight to those circumstances that Juarez Jimenez would prefer. Equally meritless is Juarez Jimenez's contention that the IJ's invitation to file an asylum application after the issue of persecution arose in 2007 bound the agency to excuse his delay.

Juarez Jimenez's challenges to the BIA's dismissal of his untimely asylum application do not trigger any exception to the general jurisdictional bar to federal court review of such rulings. We therefore dismiss this aspect of his petition.

**III**

The BIA did not directly address the substance of Juarez Jimenez's allegations regarding persecution, but instead focused solely on his lack of credibility. Thus, although petitioner argues at length that the incidents he related about his life in Mexico establish a clear probability of persecution and torture, see Hayrapetyan v. Mukasey, 534 F.3d 1330, 1336 (10th Cir. 2008), we review only the BIA's decision upholding the IJ's adverse credibility determination. "We do not question credibility findings that are substantially reasonable." Ismaiel v. Mukasey, 516 F.3d 1198, 1205 (10th Cir. 2008) (quotation omitted). But in light

of the potentially dispositive nature of such findings, "specific, cogent reasons" must be given for disbelieving the alien. Id.

The BIA upheld the IJ's adverse credibility determination, which was based on several factors. First and foremost, Juarez Jimenez's application for relief did not mention the most significant incident of alleged persecution he relied on at the hearing—an armed attack in which a friend was killed by multiple gunshot wounds. The IJ found that the belated introduction of such an important factual allegation at the hearing cast doubt on petitioner's overall veracity, and the BIA agreed. Regardless of whether we would have reached this same conclusion in the first instance, we cannot say it was unreasonable or lacked a cogent basis. Juarez Jimenez attempted to explain his omission by stating that the application lacked space enough to include all of his allegations (even though the form explicitly directs the applicant to "attach additional sheets of paper as needed to complete your responses"). We cannot gainsay the BIA's assessment that petitioner's explanation was wanting.

Two other points were cited by the IJ and BIA to support their adverse credibility determination. Juarez Jimenez claimed he was accosted by a gang while crossing into the United States. He asserted that the gang took his documents and his gun, but then relinquished the gun. The IJ and BIA found that such a story was inherently implausible. In addition, the IJ and BIA noted that Juarez Jimenez's description of the incident in which his friend was killed was

-5-

rendered implausible by his claim to know that his friend was shot precisely eight times. The record does not show these assessments to be unreasonable.

We must uphold the IJ's determination, affirmed by the BIA, that Juarez Jimenez lacked sufficient credibility to warrant acceptance of his uncorroborated testimony. Because there was a sufficient basis for the BIA's decision to reject Juarez Jimenez's requests for restriction on removal and CAT relief, we deny the instant petition for review without reaching Juarez Jimenez's objections regarding unrelated aspects of the IJ's analysis.

Finally, in the course of his discussion of the designated issues addressed above, Juarez Jimenez makes a few passing references to the IJ being biased and prejudging his case. These perfunctory accusations fall far short of the developed argument necessary to place an issue properly before us for review. See, e.g., Murrell v. Shalala, 43 F.3d 1388, 1389 n.2 (10th Cir. 1994).

### IV

The petition for review is **DISMISSED** for lack of jurisdiction insofar as it challenges the dismissal of the untimely application for asylum, and is **DENIED** on the merits in all other respects. The petitioner's motion to proceed in forma pauperis is **GRANTED**.

Entered for the Court

Carlos F. Lucero
Circuit Judge

-6-